**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILLIAM J. SQUIRES, ADC # 144213,                                                    PLAINTIFFS
and AARON J. TANNER, ADC #132875

v.                                              4:13CV00519-BRW-JTK

BRUCE PENNINGTON, et al.                                                              DEFENDANTS

## ORDER

Plaintiffs have now submitted an Amended Complaint (Doc. No. 7) in accordance with the

Court's September 17, 2013 Order (Doc. No. 6).  However, the document is signed only by Plaintiff

Squires, and most of the allegations appear to relate only to Plaintiff Squires.  It is unclear to the

Court what allegations, if any, relate to Plaintiff Tanner, and whether Plaintiff Tanner intends to

continue with the prosecution of this case.

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a**

**complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that

is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 547 (2007).  A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  Twombly, 550 U.S. at 556-57.  The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability,

it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

Therefore, the Court will grant the Plaintiffs one final opportunity in which to submit an

Amended Complaint in accordance with the instructions set forth in the September 17, 2013 Order.

The Amended Complaint should clearly specify the claims set forth by each of the Plaintiffs against each of the Defendants, and should be signed by both Plaintiffs.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiffs shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and in the September 17, 2013 Order, within twenty days of the date of this Order.  Failure to comply with this Order may result in the dismissal without prejudice of some of Plaintiffs' claims for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 1st day of October, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE