**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILLIAM J. SQUIRES, ADC #144213,                                        PLAINTIFFS
and AARON J. TANNER

v.                                        4:13CV00519-BRW-JTK

BRUCE PENNINGTON, et al.                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.      Introduction

Plaintiffs William Squires and Aaron Tanner filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Saline County Detention Center (Jail), complaining about several allegedly unconstitutional conditions of confinement.  (Doc. Nos. 10, 11)[1]

Pending  before the Court is the Defendants' Motion for Summary Judgment (Doc. No. 40). Plaintiffs have not filed Responses, despite the Court's September 17, 2014 Order directing such (Doc. No. 46).[2]

In Plaintiff Tanner's Amended Complaint, he alleges that the Jail does not provide a sufficient diet or caloric intake of food, or sufficient amounts of hygiene and indigent items. (Doc. No. 10, p. 2)  He also complains about the lack of adequate recreation time, and an inadequate grievance procedure.  (Id., p. 3)  Plaintiff Squires complains that Defendants force him to listen to

---

[1]Both Plaintiffs were transferred to the custody of the Arkansas Department of Correction (ADC) after filing this action.  Tanner notified the Court of his release from ADC custody on March 4, 2014 (Doc. No. 34).  Squires is currently incarcerated at the Wrightsville Unit of the ADC.  (Doc. No. 35.)

[2]The Court cautioned Plaintiffs that failure to respond could result in all the facts set forth in Defendants' Motion being deemed admitted by them, or the dismissal without prejudice of their complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2).

Christian church services where his Buddhist religion is criticized, and fail to provide adequate HIV and Hepatitis testing.  (Doc. No. 11, pp. 1-2)  He also complains about the inadequate diet, hygiene items, and recreation time.  (Id., p. 3)

## II.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

In light of the Plaintiffs' failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See Fed.R.Civ.P. 56(e)(2), (3).

Initially the Court agrees with Defendants that Plaintiffs' official capacity claims against them should be dismissed, because Plaintiffs do not allege an unconstitutional custom, policy, or practice at the Jail is the moving force behind the alleged constitutional violations. See Luckert v. Dodge County, 684 F.3d 808, 820 (8th Cir. 2012).

In addition, absent a dispute from Plaintiffs, the Court finds that the allegations against Defendants in their individual capacities should be dismissed, for failure to exhaust the administrative remedies.

According to the Prison Litigation Reform Act (PLRA),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688

4

(8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir.

2000).   In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an

inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was

not completed at the time of filing, dismissal is mandatory."   340 F.3d 624, 627 (8th Cir. 2003)

(emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while

the PLRA itself does not require that all defendants be specifically named in an administrative

grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion."   549 U.S. at 218.

According to the affidavit of Michael Richards, Administrator at the Jail, the Saline County

Detention Facility has a grievance policy which is explained in a handbook distributed to all inmates.

(Doc. No. 42-1, pp. 2, 7, 7-11)   According to this policy, inmates first must submit a request or

complaint via a kiosk.   (<u>Id</u>., pp. 2, 10)   A Jail official is to respond to a request within 48 hours unless

further investigation is needed.   (<u>Id</u>.)   If the inmate is dissatisfied with the response, he is to file a

written grievance which describes the nature of the complaint and is signed and dated by the inmate.

(<u>Id</u>.)   According to the Jail grievance records, Plaintiff Tanner filed grievances through the kiosk

system on July 18, 2013, July 23, 2013, July 24, 2013, and July 29, 2013.   (<u>Id</u>., p. 3)   A Jail official

responded on July 18, 2013, July, 24, 2013, July 26, 2013, and July 30, 2013.   (<u>Id</u>., pp. 3, 13) Tanner,

however, never completed or filed a written official grievance form while incarcerated at the Jail;

therefore, he failed to exhaust his administrative remedies prior to filing this lawsuit. (<u>Id</u>., p. 3)

Plaintiff Squires filed kiosk requests on January 13, 2013, January 21, 2013, March 25, 2013,

March 26, 2013, January 13, 2014, January 16, 2014, and January 17, 2014.[3]   (<u>Id</u>., p. 4)   An official

---

[3]Plaintiffs filed this action on September 4, 2013 (Doc. No. 2).   Therefore, any
complaints or requests filed at the Jail after that date obviously were not exhausted prior to the
filing of this lawsuit.

responded to the requests on January 13, 2013, January 22, 2013, March 27, 2013, and January 17, 2014.  (Id., pp. 4, 17-23.)  However, like Plaintiff Tanner, Squires did not complete or file a written official grievance form while incarcerated at the Jail.

Therefore, in light of the undisputed evidence that Plaintiffs failed to exhaust their administrative remedies prior to filing this lawsuit, as required by the Jail policy and the PLRA, the Court finds their claims against Defendants must be dismissed for failure to exhaust.  Pursuant to Johnson v. Jones, the Court will not address Defendants' remaining arguments in favor of dismissal. 340 F.3d at 627.  See also Barbee v. Correctional Medical Services, 394 Fed.Appx 337, 2010 WL 3292789 (8th Cir. 2010) (unpublished), where the Court held that once the district court determined that Plaintiff's claims were not exhausted, dismissal was mandatory and the district court should not have reached the merits of the Plaintiff's claims against the Defendants.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 40) be GRANTED, and Plaintiffs' Complaint against Defendants be DISMISSED without prejudice, for failure to exhaust.

IT IS SO RECOMMENDED this 9th day of October, 2014.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE